UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SON MINH LE,

        Petitioner,

            v.                        CAUSE NO. 3:26-CV-85-CCB-SJF

WARDEN,

        Respondent.

## **OPINION AND ORDER**

Immigration detainee Son Minh Le, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondent has answered the petition and filed an updated status report. ECF 8, ECF 12. Le did not file a reply and the time to do so has passed. The petition is ready to be decided.

## BACKGROUND

Le is a Vietnamese national who entered the United States in 1991 at the age of 12 as an immigrant with his family. ECF 8-1 at 3. After several criminal convictions, he was ordered removed to Vietnam in 2008, and his application for asylum and other relief from removal were denied. *Id.* at 3-4. He appealed the decision to the Board of Immigration Appeals (BIA), which denied relief. *Id.* at 3. Upon completion of a criminal sentence on October 9, 2014, he was transferred to the custody of Immigration and Customs Enforcement (ICE). *Id.* He was released, however, about two and a half months later on December 30, 2014, on an Order of Supervision because he could not be

repatriated to Vietnam. *Id.* He never reported for his Order of Supervision as directed. *Id.*

Following his release, he incurred two more criminal convictions and a violation of probation. ECF 8-1 at 4. When he completed his sentence for the probation violation on September 5, 2025, he was taken into custody by ICE Enforcement and Removal Operations (ERO) to effectuate his removal to Vietnam. *Id.* On October 15, 2025, ICE ERO requested travel documents for Le from Vietnam. ECF 8-2 at 3. As of February 2026, the request was still pending. *Id.* But the respondent recently filed an update that travel documents have been received for Le's removal to Vietnam, and ICE ERO intends to remove him on May 5, 2026. ECF 12.

<u>SUBJECT MATTER JURISDICTION</u>

The respondent first argues that the court lacks subject matter jurisdiction over Le's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 20260 (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

<u>MERITS</u>

Regarding the merits of the petition, the respondent first argues that Le's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention

pending execution of a removal order. However, beyond the "removal period,"[1] which for Le ended nearly two decades ago, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Le has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

The respondent identifies Vietnam as the sole country under consideration for removal. Le may have had good reason to doubt his removal to Vietnam when he filed this case, but the circumstances have since materially changed. The government has now secured travel documents for Le's removal to Vietnam and has scheduled him for removal on May 5, 2026. Based on this evidence, the court finds that Le's removal to Vietnam will occur within the reasonably foreseeable future and declines to grant Le habeas relief on this claim.

As a final matter, the court observes that "for detention to remain reasonable, as the period of prior postremoval [order] confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). While Le may not be entitled to habeas relief now, it does not prevent him from seeking habeas relief at some later date if the government continues to detain him for a significant period of time.

For these reasons, the court **DENIES** the habeas petition (ECF 1) and **DIRECTS** the clerk to close this case.

SO ORDERED on May 4, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT